An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ERIC FINIAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66023

**FILED**

SEP 10 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon, discharging a firearm out of a vehicle, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; David B. Barker, Judge. Appellant James Eric Finias raises five contentions on appeal.

First, Finias contends that the district court violated his right to due process by limiting the cross-examination of Diane Robinson. We disagree. The district court permitted Finias to develop evidence from which the jury could evaluate Robinson's potential bias. *See United States v. Jenkins*, 884 F.2d 433, 436 (9th Cir. 1989) (noting that the district court abuses its discretion when it denies the jury sufficient information to evaluate a witness' bias). The district court permitted Finias to question Robinson about threats and inducements from police at the time of her initial statement, how often she met with prosecutors, and whether she had charges against her pending during Finias' prosecution. The district court correctly restricted Finias from making inquiries suggesting that Robinson received favorable treatment with respect to pending charges in

Supreme Court
OF
Nevada

(O) 1947A

15-27422

exchange for her testimony because he did not have a good faith basis to make such an inquiry in the circumstances presented. *See Daniel v. State*, 119 Nev. 498, 513, 78 P.3d 890, 900 (2003) (requiring party to have good-faith basis for inquiry about specific acts of misconduct).

Second, Finias argues that the district court erred in refusing to give an instruction that Robinson was an accomplice and that her testimony should be corroborated. We disagree. The record does not indicate that Robinson was ever charged with or was liable for any offense arising out of the shooting. *See* NRS 175.291(2) (defining an accomplice as "one who is liable to prosecution, for the identical offense charged against the defendant on trial"). Moreover, Robinson's testimony was corroborated. Phone records placed Finias in the area of the shooting and demonstrated that Finias was planning to meet the victim, Finias' DNA was recovered from a cigarette at the scene, a weapon that was in Finias' possession matched the shell casings left at the scene, and the condition of the weapon confirmed that Finias damaged it after the shooting to thwart forensic testing. Therefore, the district court did not err in refusing the proposed instruction. *Rose v. State*, 127 Nev., Adv. Op. 43, 255 P.3d 291, 295 (2011).

Third, Finias contends that the district court erred in instructing the jury that direct evidence of a defendant's state of mind may not exist and the jury may infer state of mind from the circumstances

proved at trial.[1] We discern no abuse of discretion. *Id.* The given instruction correctly states Nevada law. *See Miranda v. State*, 101 Nev. 562, 568, 707 P.2d 1121, 1125 (1985) ("The prosecution is not required to present direct evidence of a defendant's state of mind as it existed during the commission of a crime, and the jury may infer the existence of a particular state of mind from the circumstances disclosed by the evidence."), *overruled on other grounds by Bejarano v. State*, 122 Nev. 1066, 146 P.3d 265 (2006).

Fourth, Finias argues that the given instruction on the presumption of innocence improperly reduced the State's burden of proof because it did not define what elements were "material."[2] We disagree because other instructions defined the elements of each charged offense and the State's burden to prove those elements. *Burnside v. State*, 131 Nev., Adv. Op. 40, ___ P.3d ___ (2015); *see also Nunnery v. State*, 127 Nev., Adv. Op. 69, 263 P.3d 235, 259-60 (2011); *Morales v. State*, 122 Nev. 966, 971, 143 P.3d 463, 466 (2006); *Crawford v. State*, 121 Nev. 744, 751, 121 P.3d 582, 586-87 (2005); *Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d

---

[1]The challenged instruction reads: "A defendant's state of mind does not require the presentation of direct evidence as it existed during the commission of a crime. The jury may infer the existence of a particular state of mind of a party from the circumstances disclosed by the evidence."

[2]The challenged instruction reads: "The Defendant is presumed innocent until the contrary is proved. This presumption places upon the State the burden of proving beyond a reasonable doubt every material element of the crime charged and that the Defendant is the person who committed the offense."

288, 296 (1998). Therefore, the district court did not abuse its discretion in giving the challenged instruction. *Rose*, 127 Nev., Adv. Op. 43, 255 P.3d at 295.

Lastly, Finias argues that the cumulative effect of the errors committed during his trial warrant reversal of his conviction. As Finias has demonstrated no error, there is nothing to cumulate.

Having considered Finias' contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.       _____, J.
Douglas                              Cherry

cc:     Hon. David B. Barker, District Judge
        Special Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk